UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL BLACKMON,

    Plaintiff,

v.                                                                                               Case No. 11-C-759

HOWARD BROWN,

    Defendant.

**ORDER**

Plaintiff Blackmon has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, as well as his trust account statement, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Plaintiff, who is incarcerated, alleges that in 2009 Defendant Howard Brown induced Plaintiff's aunts and uncles to take out a life insurance policy on Plaintiff's mother, who is now deceased. He asserts that his mother had no

ability at the time to understand documents she may have been signing. Plaintiff asserts that the Defendant's actions violate the Equal Protection Clause of the Constitution.

It is unclear how, if at all, Plaintiff was himself injured by the above allegations. Regardless, the claim does not give rise to any violation of the Constitution. The Defendant is a private individual, not a state actor, and the Equal Protection Clause does not regulate behavior between private parties. Accordingly, the complaint will be dismissed.

The motion to proceed *in forma pauperis* is **GRANTED**. Although the initial partial filing fee is waived, because Plaintiff is a prisoner the entire filing fee must still be paid. 28 U.S.C. § 1915(b)(1). The Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED** and the initial filing fee is waived. The Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee as directed above. The case is **DISMISSED**, and the clerk will enter judgment accordingly.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

Dated this __18th__ day of August, 2011.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach, U.S. District Judge